# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7425 | **DATE** | 2/10/2011 |
| **CASE TITLE** | Brotherhood of Maintenance of Way vs. Norfolk Southern | | |

**DOCKET ENTRY TEXT**

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

  Plaintiff Brotherhood of Maintenance of Way Employes Division/IBT ("BMWED") has two suits pending in the Northern District of Illinois against Norfolk Southern Railway Company ("NSRC"). The first case (10 C 7425), filed in this Court on November 18, 2010, seeks a declaratory judgment and permanent injunction stopping NSRC from using expert witness testimony in pre-disciplinary investigations where the witness is not available for confrontation. The second case (10 C 7545), which is before Judge Marovich, was filed on November 23, 2010 and seeks to have a specific arbitration award vacated due to the procedures employed in the pre-disciplinary investigation. NSRC moves to reassign Judge Marovich's case, which has a higher case number, to this Court. For the following reasons, the Court grants NSRC's motion.

  Under Local Rule 40.4(a), cases are "related" if they involve the same property, "some of the same" issues of fact or law, or "grow out of the same transaction or occurrence." Upon a finding of relatedness, reassignment is proper where: the cases are pending in this court, one judge handling the cases would result in saving substantial "judicial time and effort," the cases are procedurally in a similar place so that reassignment would not "substantially" delay the earliest case, and the cases are "susceptible of disposition in a single proceeding." *See* L.R. 40.4(b).

  NSRC argues that the two cases are related because they arise out of the same transaction or occurrence and involve some of the same issues of fact and law. NSRC also argues that the cases satisfy the conditional requirements set forth in Local Rule 40.4(b). BMWED does not object to NSRC's motion.

  The two cases are sufficiently "related under Local Rule 40.4(a). Both cases are brought pursuant to the Railway Labor Act, 45 U.S.C. § 151 *et seq.* ("RLA") and involve the parties' Collective Bargaining Agreement ("CBA"). Both cases also involve a dispute as to the ability of NSRC to use expert reports in its

| STATEMENT |
|---|

investigations without having the expert available for cross-examination. The case currently before the Court seeks to prevent this practice in total; the case pending before Judge Marovich seeks to overturn the results of an investigation that utilized this practice. That the two remedies sought are distinct does not alter the finding that some of the same issues of fact or law are present in both cases.

The two cases also meet the test for reassignment. Both cases are pending in the Northern District of Illinois and both cases involve the same method of investigation that is being challenged. Moreover, no substantial delay would result from this reassignment because the case before this Court has not yet entered discovery and the case before Judge Marovich was just referred to the Magistrate Judge for discovery supervision on February 1, 2011. The parties in that case have not yet had their first status hearing with the Magistrate Judge, which is scheduled for February 23, 2011.

For the reasons stated, NSRC's unopposed Motion to Reassign the Related Case is granted.